**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4203**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUSSELL LASHON WORRELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:19-cr-00714-RBH-1)

Submitted:  September 18, 2020                 Decided:  September 30, 2020

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Justin William Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Russell Lashon Worrell pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court calculated Worrell's sentencing range under the U.S. Sentencing Guidelines Manual (2018) at 57 to 71 months' imprisonment and sentenced Worrell to 57 months' imprisonment and 3 years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as issues for review whether the district court plainly erred in accepting Worrell's guilty plea and abused its discretion in imposing the 57-month prison term. Worrell was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief. We affirm.

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). The Rule "sets out the information a court is to convey to ensure that a defendant who pleads guilty understands the consequences of the plea." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012). "The court also must determine that the plea is voluntary and that there is a factual basis for the plea." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Because Worrell did not move in the district court to withdraw his guilty plea, the acceptance of his guilty plea is reviewed for plain error only. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* In the guilty plea context, a

2

defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).

Our review of the *Anders* brief and the transcript of the guilty plea hearing leads us to conclude that the district court's omissions under Rule 11 did not affect Worrell's substantial rights. The transcript of the guilty plea hearing also reveals that the district court ensured that the plea was supported by an independent basis in fact and that Worrell entered the plea knowingly and voluntarily and with an understanding of the consequences. Accordingly, we discern no plain error in the district court's acceptance of Worrell's guilty plea. *See United States v. DeFusco*, 949 F.2d 114, 116, 120 (4th Cir. 1991).

Next, we review a criminal sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). In conducting this review, we first ensure that the district court did not commit any "significant procedural error," such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015) (quoting *Gall*, 552 U.S. at 51); *see United States v. Provance*, 944 F.3d 213, 217-19 (4th Cir. 2019).

If the sentence is procedurally sound, we then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at

3

51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable, and that presumption may only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that the district court did not commit any procedural error in sentencing Worrell, and he fails to rebut the presumption that the 57-month prison term is substantively reasonable. The court properly calculated the Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, heard Worrell's allocution, considered the Guidelines as advisory, considered the § 3553(a) factors and Worrell's arguments for a below-Guidelines sentence, and adequately explained its chosen sentence. The court explained that a 57-month prison term was warranted in light of the nature and circumstances of Worrell's offense conduct, his history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment, and to afford adequate deterrence, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(B). On appeal, Worrell points to nothing suggesting this sentence is unreasonable when measured against the § 3553(a) factors.

Finally, in accordance with *Anders*, we have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Worrell, in writing, of the right to petition the Supreme Court of the United States for further review. If Worrell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

4

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Worrell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*